IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER IGNAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 18-cv-05431 |
| | ) | |
| RECEIVABLES MANAGEMENT PARTNERS, LLC, | ) ) | Judge Kocoras |
| | ) | |
| Defendant. | ) | |

## RULE 12(B)(6) MOTION TO DISMISS

Defendant, by its attorneys, David M. Schultz and Todd P. Stelter, pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully requests that this Court dismiss plaintiff's complaint, stating as follows:

### Introduction and Facts

Plaintiff's complaint, *Doc#*1, attempts to manufacture two Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., ("FDCPA"), claims against defendant based upon plaintiff's alleged receipt of an entirely unremarkable, clearly drafted and completely accurate letter.

Feigning confusion, plaintiff points to two parts of defendant's letter as purported violations of the law. First, plaintiff alleges that the following phrase is false or misleading in violation of FDCPA sections 1692e, e(2)(a) and e(5):

**As of the date of this letter the balance due is $558.69**

*Doc*#1 ¶¶ 17, 22-23.

Second, plaintiff alleges that listing the "**Creditor**" as "**Northshore Univ Healthsystem Medical**" above the phrase **"[t]his past due account has been referred to Receivables**

**Management Partners, LLC by the creditor(s) listed above**" fails to identify the creditor in violation of section 1692g of the FDCPA. *Doc#*1 ¶¶ 26-33.

To anyone not tasked with concocting FDCPA claims out of the ether, neither cited part of defendant's letter is confusing. The cited phrases mean exactly what they say. The phrase "[a]s of the date of this letter the balance due is $558.69" means that as of the date of the letter the balance due was $558.69. Listing the "Creditor" as "Northshore Univ Healthsystem Medical" above the phrase "[t]his past due account has been referred to Receivables Management Partners, LLC by the creditor(s) listed above" means that the past due account was referred to Receivables Management Partners, LLC by the listed creditor.

Plaintiff does not actually challenge the literal truth of any these phrases -- nor can he -- as they are (in reality) completely true statements. Instead, plaintiff's claims are entirely based upon speculation about various possible hypothetical ways an unsophisticated consumer *could* be confused by these phrases. Congress did not intend the FDCPA to be misused in this manner and plaintiff's implausible claims should not survive dismissal.

## Argument

### I.  Plaintiff's Complaint Does Not Allege a Violation of 1692e.

To survive a motion to dismiss pursuant to Rule 12(b)(6) on an FDCPA section 1692e letter claim, plaintiff's complaint must: (1) plausibly allege under the *Twombly/Iqbal* standard; (2) a *materially* false statement; (3) that would mislead or confuse an unsophisticated consumer. *Boucher v. Fin. Sys. of Green Bay*, 880 F.3d 362, 366 (7th Cir. 2018).

First, plaintiff must provide enough factual support to raise his right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's claims must be facially plausible, meaning that the pleadings must "allow...the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In conducting our review, we must consider not only the complaint itself, but also...documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Phillips v. Prudential Ins. Co. of America*, 714 F.3d 1017, 1019-20 (7th Cir. 2013) (internal citations and quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

Second, for claims under FDCPA section 1692e, "materiality" is a required element in order to state a claim and plaintiff must allege a *materially* false statement, meaning that it has the ability to influence a consumer's decision. *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 942 (7th Cir. 2011). If a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA—even if it is false in some technical sense. *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009). A statement cannot mislead unless it is material, so a false but non-material statement is not actionable. *Id.*

Third, plaintiff's allegations must establish that an objective unsophisticated consumer, which is "a person of modest education and limited commercial savvy," would "likely be deceived" by the purported misrepresentation in defendant's letter. *Dunbar v. Kohn Law Firm, S.C.*, 896 F.3d 762, 764-65 (7th Cir. 2018). To that end, a mere claim of confusion is not enough: a plaintiff must show that the challenged language of the letter unacceptably increases the level of consumer confusion. *Durkin v. Equifax Check Servs.*, 406 F.3d 410, 414-15 (7th Cir. 2005). Notably, the Seventh Circuit instructs courts to disregard "unrealistic, peculiar, bizarre, and idiosyncratic interpretations of collection letters." *Dunbar* at 765; *Durkin* at 414-15. If the interpretation attested to by the plaintiff is a "fantastic conjecture" – the court should reject it

without requiring evidence beyond the letter itself. *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574-75 (7th Cir. 2004). A plaintiff fails to state a claim and dismissal is appropriate as a matter of law when it is "apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." *Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) *quoting Taylor* at 574. Dismissal is proper in cases involving statements that plainly, on their face, are not misleading or deceptive. *Dunbar* at 765.

Here, plaintiff's complaint fails on all three levels. Plaintiff's section 1692e claim is not facially plausible and plaintiff's speculative conclusory statements are not sufficient under *Twombly/Iqbal*. Plaintiff also fails to allege a *materially* false statement. Finally, plaintiff fails to allege anything rising above "a mere claim of confusion" concerning statements that plainly, on their face, are not misleading. Rather, plaintiff's claim can squarely be described as "idiosyncratic" and it should be dismissed as such. *See Dunbar* at 765 and *Durkin* at 414-15.

### A. Plaintiff's Counsel Frequently Pushes Idiosyncratic Interpretations.

Unfortunately, plaintiff's counsel's "fantastic conjecture" is becoming an increasing nuisance and burden on defendants, as well as the court system. The same plaintiff's counsel as here has repeatedly demonstrated their tendency to engage in self-serving and idiosyncratic interpretation of letters in pursuit of trumped up FDCPA claims. *See Rueda v. Forster & Garbus, LLP*, 2018 U.S. Dist. LEXIS 171424, *5-7 (N.D. Ill., October 3, 2018) (dismissing FDCPA letter claim because plaintiff's claims made "little sense," plaintiff's interpretation of the language was "idiosyncratic" and "not a reasonable reading"); *Taylor v. Client Servs.*, 2018 U.S. Dist. LEXIS 155796, *6-7 (N.D. Ill., September 12, 2018) (dismissing FDCPA letter claim and entering order to show cause against counsel); *Johnson v. Alltran Educ., LP*, 2018 U.S. Dist. LEXIS 76441, *11-12 (N.D. Ill., May 7, 2018) (dismissing FDCPA letter claim, noting that

"Plaintiff twists the words in the Debt Letter," "continually misstates" and pushes an argument that is "not a reasonable interpretation by an unsophisticated consumer, but a 'bizarre, peculiar, or idiosyncratic interpretation' that the Court rejects."); *Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, 2018 U.S. Dist. LEXIS 136910 (N.D. Ill., Aug. 14, 2018) (sanctioning plaintiff's counsel in FDCPA case for "filing a complaint with misleading allegations that should not have been filed in the first place" and citing pattern of conduct by plaintiff's counsel that "crossed the line."); *see also Aguirre v. Northland Group, Inc.*, No. 16-cv-05003 (N.D. Ill. Jan. 9, 2017), Dkt. #48 (sanctioning plaintiff's counsel); *Ozmun v. Portfolio Recovery Assocs., LLC*, 2018 U.S. Dist. LEXIS 25549 (W.D. Tex. Feb. 15, 2018) (holding plaintiff's counsel in contempt); *Tejero v. Portfolio Recovery Assocs. LLC,* 2018 U.S. Dist. LEXIS 56236 (W.D. Tex. April 2, 2018) (sanctioning plaintiff's counsel). Plaintiff's current claim is no different.

### B. Plaintiff's Counsel's Current Interpretation is Idiosyncratic.

Plaintiff does not allege that the statement "[a]s of the date of this letter the balance due is $558.69" is false. That is because it isn't. The statement is a "clear statement of a truism" and plaintiff apparently disregards that the law instructs courts to dismiss FDCPA claims challenging truisms. *See Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 575 (7th Cir. 2004); *Johnson v. Alltran Educ., LP*, 2018 U.S. Dist. LEXIS 76441, *11 (N.D. Ill. 2018).

Plaintiff disingenuously attempts to equate his claim to the claim in *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 949 (7th Cir. 2004). *Doc#*1 ¶ 24. However, in *Chuway*, the plaintiff brought a claim under section 1692g(a)(1) of the FDCPA not 1692e. *Chuway* at 946. Section 1692g of the FDCPA requires specific statutory disclosures in collection letters. Section 1692e does nothing of the sort. Therefore, at the outset, it is questionable what relevance *Chuway* has to plaintiff's 1692e claim in the first place. In any event, the letter in *Chuway* stated

5

a balance and then added "To obtain your most current balance information, please call 1-800-916-9006." *Id*. at 947.  Because of the reference to two different balances in the letter, the court in *Chuway* questioned whether the plaintiff was confused and thought the reference to the "current balance" (in addition to the already stated balance) meant that the defendant might be trying to collect a second debt.  *Id*. at 947-948.  In dicta, Judge Posner indicated that "[i]f the debt collector is trying to collect only the amount due on the date the letter is sent, then he complies with the Act by stating the 'balance' due, stating that the creditor 'has assigned your delinquent account to our agency for collection,' and asking the recipient to remit the balance listed--and stopping there, without talk of the "current" balance." *Id*. at 949.

In paragraph 24 of the complaint, plaintiff misquotes *Chuway* and attempts to make it look as if Judge Posner somehow equated the phrase "as of the date of this letter" to "current balance" in the *Chuway* opinion.  *Doc*#1 ¶ 24.  However, he did nothing of the sort and plaintiff's counsel is twisting words, same as they were called out for in *Johnson v. Alltran Educ., LP*, 2018 U.S. Dist. LEXIS 76441, *11-12 (N.D. Ill. 2018).  Further, Judge Posner's dicta in *Chuway* is simply a suggestion on how a debt collector can comply with section 1692g.  *Chuway* says nothing about compliance with section 1692e and it also certainly does *not* say that all debt collectors must do what Judge Posner suggested to avoid an FDCPA violation, or that doing it differently is an FDCPA violation.

The facts in this case also bear little resemblance to the facts in *Chuway*.  Defendant's letter here does not reference a second balance nor does it instruct plaintiff to call a number in order to determine a current balance, or a different balance than what is listed in the letter.  Therefore, *Chuway* does not support plaintiff's claim.  Also, as noted in *Jolly v. Shapiro*, 237 F. Supp. 2d 888, 893 (N.D. Ill. 2002), "it is not necessary that a debt collector use [Judge Posner's]

6

form of words to avoid violation [of] the statute." "Thus, an alteration or an entirely different notice can be used in collection letters as long as it does not cause confusion for the unsophisticated consumer." *Id*. "Such an alteration may contain the amount due as of a specific date rather than the date of the letter." *Id*. "[A] collection letter which states the amount due as of a specific date does not violate § 1692g, and no reasonable person could conclude that such collection letter does not inform the debtor of the amount due." *Id*. at 893. [Emphasis added]. *See also Troy v. Cohen Assocs., Ltd.*, 2003 U.S. Dist. LEXIS 15593, *6 (N.D. Ill. 2003) ("A collection letter which states either the amount due as of a specific date or as of the date of the letter complies with [section 1692g of the FDCPA]." [Emphasis added].)

Plaintiff is trying to put defendant between the "rock and a hard place" analyzed and rejected in *Delgado v. Client Servs.*, 2018 U.S. Dist. LEXIS 37711 (N.D. Ill. 2018). There, faced with another derivation of the same claim filed by the same plaintiff's counsel, the court dismissed the complaint, holding that under plaintiff's theory "[d]ebt collectors would be damned if they do and damned if they don't" and "[t]his is clearly not what Congress intended the FDCPA to do-essentially turn debt collectors into modern-day version of Goldie Locks, who cast about searching for the letter that is just right, not listing too little information or too much." *Id*. at *8-9. The current case is just one of a continuing string of cases filed by plaintiff's counsel bringing different variations of this same claim, only to have them be dismissed. In *Chatman v. Alltran Educ., Inc.*, 2018 U.S. Dist. LEXIS 19624 (N.D. Ill. 2018), plaintiff's counsel, suing on behalf of a family member, made a similar claim under section 1692g instead of 1692e. The claim was dismissed. *Id*. at *16-17. In *Johnson v. Alltran Educ., LP*, 2018 U.S. Dist. LEXIS 76441, *21-28 (N.D. Ill. 2018), plaintiff's counsel again argued the *Chuway* comparison and the result was the same - case dismissed.

This Court should not allow plaintiff's idiosyncratic interpretation of an entirely true statement to go forward. Common sense dictates that the statement "[a]s of the date of this letter the balance due is $558.69" simply means what it says, nothing more and nothing less. On its face, the statement is not misleading or deceptive. Dismissal is proper in this situation. *See Dunbar* at 765.

## II.     Plaintiff's Complaint Does Not Allege a Violation of 1692g.

Plaintiff's secondary claim is likewise a hodgepodge of rejected theories cobbled together in an attempt to manufacture an FDCPA violation. It should likewise be dismissed. Plaintiff alleges that defendant's letter fails "to effectively state the name of the creditor to whom the debt is owed, in violation of 15 U.S.C. § 1692g(a)(2)." *Doc*#1 ¶ 34.

To survive a motion to dismiss pursuant to Rule 12(b)(6) on an FDCPA section 1692g(a)(2) claim, plaintiff's complaint must again: (1) plausibly allege under the *Twombly/Iqbal* standard; (2) that defendant's letter failed to identify the name of the creditor to whom the debt is owed "clearly enough that the recipient is likely to understand it." *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016). Again, plaintiff's complaint fails.

Plaintiff argues that defendant's letter listing the "Creditor" as "Northshore Univ Healthsystem Medical" above the phrase "[t]his past due account has been referred to Receivables Management Partners, LLC by the creditor(s) listed above" is problematic for two reasons. First, plaintiff argues that "[t]here is no entity in Illinois that is named "Northshore Univ Healthsystem Medical." *Doc*#1 ¶ 28. Second, plaintiff argues the letter "does not identify which company, of the two companies listed in the letter is the current creditor to whom the debt

8

is owed" and that "[a] simple statement that one of the companies was the 'current creditor' would have sufficed." *Doc*#1 ¶¶ 30-31. Both of these arguments are specious.

First, common sense dictates that plaintiff knows exactly what "Northshore Univ Healthsystem Medical" refers to and to pretend to be confused by it simply does not pass the smell test. Listing the creditor as "Northshore Univ Healthsystem Medical" identifies the creditor to whom the debt is owed "clearly enough that the recipient is likely to understand it" and to suggest otherwise strains credulity. In any event, there is also a 2017 district court case out of New York, *Hernandez v. Prof'l Claims Bureau, Inc.*, 2017 U.S. Dist. LEXIS 193819 (S.D.N.Y. 2017), that is essentially "on-point" with the facts alleged here and it should likewise be dispositive of this issue. In *Hernandez*, the creditor was listed very similarly as "Trustees of Columbia Univ-Dept of Neurology." *Id*. at *2. Same as here, the plaintiff in *Hernandez* argued that the listed creditor was not a legal entity and therefore defendant failed to effectively state the name of the creditor to whom the debt is owed, in violation of 15 U.S.C. § 1692g(a)(2). *Id*. at *5-6. The court rejected plaintiff's argument. First, the court noted that the FDCPA does not address whether a debt collector must use the full business name of a creditor in order to comply with § 1692g(a)(2) *citing Leonard v. Zwicker & Assocs., P.C.*, 2016 U.S. Dist. LEXIS 173669 (S.D. Fla. 2016). Second, the court held that it did not interpret the FDCPA as invariably requiring use of the full legal or business name of the creditor, as requiring a creditor be identified by its full business name, rather than the name by which it is commonly referred, could serve to increase confusion, as consumers may be more familiar with the creditor's common name. *Id*. at *6-7 *citing Leonard*, 2016 U.S. Dist. LEXIS 173669 (citing *Bailey v. Sec. Nat. Servicing Corp.*, 154 F.3d 384, 388 (7th Cir. 1998)) (collection notice listing "American Express" as creditor was sufficient to identify "American Express Centurion Bank"); *Blarek v.*

9

*Encore Receivable Mgmt. Inc.*, 2007 U.S. Dist. LEXIS 22549 (E.D. Wis. 2007) ("Given the ambiguity in what constitutes the creditor's 'name,' it is reasonable to infer that any legitimate name under which the creditor operates could qualify as naming the creditor as required in § 1692g(a)(2)."); *see also Campbell v. Am. Recovery Servs. Inc.*, 2016 U.S. Dist. LEXIS 74843 (CD. Cal. 2016) (in granting motion to dismiss, holding that "American Express" sufficiently identifies American Express Company and its affiliates under the least sophisticated consumer standard).

The court in *Hernandez* also held that its interpretation of section 1692g is consistent with legislative history and other provisions of the FDCPA, finding that the relevant section of the Senate Report accompanying the FDCPA states that requiring a "written notice stating the name of the creditor and the amount owed . . . will eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid," S. Rep. 95-382, at 4 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1699, and that an interpretation of the statute that permits use of a name that is likely to be recognized by consumers serves the statutory purpose. *Id*. at *7-8.

Moreover, the court in *Hernandez* held that another provision of the FDCPA explicitly allows creditors to use their common name, as opposed to their full legal or business name, section 1692a(6) excludes a creditor seeking to collect a debt owed to it from the definition of "debt collector" and coverage under the Act unless that creditor "uses any name other than his own[,] which would indicate that a third person is collecting or attempting to collect such debts," 15 U.S.C. § 1692a(6). *Id*. at *8-9. "Courts interpreting the 'false name exception' have held that a creditor is not required to use its exact, legal name to avoid falling under the exception. Rather, a creditor may use 'the name under which it usually transacts

business, or a commonly-used acronym, or any name that it has used from the inception of the credit relation.'" *Id*. at *7-8 citing *Blarek*, 2007 U.S. Dist. LEXIS 22549 (*quoting Maguire*. 147 F.3d at 235) (citations omitted)); *see also* Federal Trade Commission Statements of General Policy or Interpretation Staff Commentary on the FDCPA, 53 Fed. Reg. 50,097, 50,107, 1988 WL 269068 (Dec. 13, 1988) ("The in-house collection unit of 'ABC Corp.' may use the name 'ABC Collection Division,' but not the name 'XYZ Collection Agency' or some other unrelated name."). Accordingly, just as a creditor collecting debts owed to it need not use its full legal or business name so long as the name utilized is not misleading, a debt collector need not necessarily use the creditor's full legal or business name in its collection notices sent to consumers. *Id*. at *7-8.

In sum, like the court in *Hernandez*, this court should conclude as a matter of law that "Northshore Univ Healthsystem Medical" same as "Trustees of Columbia Univ-Dept of Neurology" effectively identifies the creditor to whom the debt is owed, in compliance with 15 U.S.C. § 1692g(a)(2). *See also Bailey v. Sec. Nat. Servicing Corp.*, 154 F.3d 384, 388 (7th Cir. 1998) ("The law [is] best served by challenging clear violations rather than scanning for technical missteps that bring minimal relief to the individual debtor but a possible windfall for the attorney.")

Finally, despite plaintiff's final argument at *Doc*#1 ¶ 31, the FDCPA does not require that the creditor to whom the debt is owed be specifically labeled "current creditor" as suggested by plaintiff. *See Smith v. Slimm Assocs.*, 2018 U.S. Dist. LEXIS 169128, *9 (E.D. Wisc., September 30, 2018) ("The FDCPA does not require that the creditor to whom the debt is owed be labeled "current creditor.") Again, common sense dictates that listing the "Creditor" as "Northshore Univ Healthsystem Medical" above the phrase "[t]his past due account has been

referred to Receivables Management Partners, LLC by the creditor(s) listed above" means that the past due account was referred to Receivables Management Partners, LLC by the creditor listed above. The statement says what it says and means what it means. Like with plaintiff's 1692e claim, this Court should reject plaintiff's requested interpretation as idiosyncratic and dismiss the case.

WHEREFORE, defendants respectfully request that this Court dismiss plaintiff's complaint or for such other relief as the Court may deem appropriate.

Dated October 10, 2018.

*/s/ Todd P. Stelter*
David M. Schultz
Todd P. Stelter
Attorneys for Defendants
**HINSHAW & CULBERTSON LLP**
151 North Franklin, Suite 2500
Chicago, IL 60606
Phone No. 312-704-3000
Fax No. 312-704-3001
E-mail Address(es):
dschultz@hinshawlaw.com
tstelter@hinshawlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER IGNAS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No.: 18-cv-05431 |
| ) | |
| RECEIVABLES MANAGEMENT ) | Judge Kocoras |
| PARTNERS, LLC, ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

    I, Todd P. Stelter, an attorney, certify that I shall cause to be served a copy of **Defendant's Rule 12(b)(6) Motion to Dismiss** upon the below listed individual(s), by deposit in the U.S. mail postage prepaid, before the hour of 5:00 p.m., messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, on **October 10, 2018.**

| | |
|---|---|
| ☒ CM/ECF<br>☐ Facsimile<br>☐ Federal Express<br>☐ Regular U.S. Mail<br>☐ Messenger<br>☐ E-Mail | *To All Parties of Record* |

                                                                         HINSHAW & CULBERTSON LLP

Todd P. Stelter                                                         s/ *Todd P. Stelter*
HINSHAW & CULBERTSON LLP             Todd P. Stelter
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
312/704-3966
312/704-3001 – facsimile
tstelter@hinshawlaw.com

302639857v1 1013100